UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY CARLOZZI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | No. SA-09-CA-581-OG |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| BEXAR COUNTY DETENTION CENTER, | § | |
| BEXAR COUNTY DISTRICT ATTORNEY, | § | |
| | § | |
| Defendants | § | |

**REPORT AND RECOMMENDATION**

**TO:  Orlando Garcia**
**United States District Judge**

This report and recommendation recommends dismissing this case. This case is an inmate civil rights case. The plaintiff inmate seeks to proceed in forma pauperis (IFP). The case was assigned to me for pretrial proceedings. Under 28 U.S.C. § 1915, the court must screen an inmate's IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[1] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[2] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[3] Similarly, the "district court may dismiss an action on its own motion under Rule

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[3] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[4] To state a claim pursuant to Rule 12(b)(6), the plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5]  Plaintiff's Anthony Carlozzi's complaint is frivolous and fails to state a claim for the reasons discussed in this report.

Carlozzi seeks to sue the San Antonio Police Department, the Bexar County Detention Center, and the Bexar County District Attorney.  Carlozzi alleges he was subject to an illegal search and seizure.[6]  He complains that he was arrested in his home and taken to jail on January 16, 2009.[7]  He complains further that the District Attorney continues to reset the trial of his case.[8]

I confirmed with the state district clerk that Carlozzi is detained at the Bexar County Adult Detention Center pending trial in Cause No. 2009-CR-2193.  Carlozzi is charged with possession of a controlled substance with intent to deliver.  Carlozzi's case is scheduled for trial on February 22, 2010 in the 437th Judicial District, Bexar County, Texas.  As relief, Carlozzi

---

[4]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).  In this case, no question exists about whethr the procedure used was fair because I gave Carlozzi an opportunity to amend his complaint and Carlozzi amended his complaint.  *See* docket entry # 4.  My recommendation is based on the amended complaint.

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[6]Docket entry # 10.

[7]*Id*.

[8]*Id*.

seeks defense of his constitutional rights, a speedy trial, and declaratory judgment that the search of his home and detention are unlawful.

Liberally construed, Carlozzi's complaint seeks injunctive and/or declaratory relief invalidating his custody. Such relief is not available in this civil rights action. The Anti-Injunction Act[9] prohibits a federal court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of the court's jurisdiction.[10] Neither exception applies to this case. When an inmate seeks to challenge his custody and seeks early release from confinement, the inmate's remedy is through a writ of habeas corpus.[11] Habeas corpus relief is not available until the petitioner exhausts his available state remedies.[12] Carlozzi has not exhausted his state remedies because his criminal case has not yet been adjudicated.

To the extent Carlozzi seeks a speedy trial, that claim is also unexhausted. A speedy trial claim in which a state criminal defendant seeks to be brought to trial must be raised by a petition for writ of mandamus.[13] Public records show that Carlozzi has not sought such relief from the appropriate court—the Fourth Court of Appeals in San Antonio.

**Recommendation**. Carlozzi's complaint fails to state a claim upon which relief may be

---

[9]28 U.S.C. § 2283.

[10]*See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

[11]*Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973).

[12]*Dickerson v. Louisiana*, 816 F. 2d 220, 225 (5th Cir. 1987). To exhaust state court remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985).

[13]*Smith v. Gohmert*, 962 S.W.2d 590, 592-93(Tex. Crim. App. 1998); *Chapman v. Evans*, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978).

granted because he seeks a remedy prohibited by the Anti-Injunction Act. The complaint is frivolous because it lacks an arguable basis in law. For these reasons, I recommend dismissing this case pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim. If the court accepts this recommendation, Carlozzi's motion to proceed IFP (docket entry # 1) can be denied as moot.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[14] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[15] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar

---

[14] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[15] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[16]

**SIGNED** on February 3, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).